OPINION
{¶ 1} Defendant-appellant Byron Hemming appeals from his conviction and sentence, following a jury trial, on one count of gross sexual imposition in violation of R.C. § 2907.05(A)(4), a felony of the third degree.
 {¶ 2} Hemming contends he was denied effective assistance of trial counsel when his attorney failed to address the gross sexual imposition charge in cross-examinations and during closing arguments. Hemming also contends the trial court abused its discretion by imposing a statutory maximum five-year prison sentence. We conclude that the record does not portray ineffective assistance of Hemming's trial counsel. We further conclude that the record does not portray a claimed sentencing error. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} The record reflects that Hemming was charged with two counts of rape of a person under age thirteen and one count of gross sexual imposition involving a person under age thirteen. The alleged victim of all three charged offenses was A.R., Hemming's eleven-year-old sister-in-law. At trial, A.R. testified that Hemming had kissed her breasts. The State corroborated this testimony with DNA extracted from saliva found on A.R.'s breast. Testing done on the DNA established, with virtual certainty, that the saliva came from Hemming.[1] A.R. also testified that Hemming had put his mouth on her vagina and had inserted his penis into her vagina. With regard to these allegations, the State's physical evidence was inconclusive.
 {¶ 4} In Hemming's defense, his attorney focused almost exclusively on the two rape charges. Through cross-examination of the State's witnesses, defense counsel stressed the absence of physical evidence to corroborate the rape charges. Defense counsel also highlighted the fact that A.R. initially had reported Hemming placing his penis "on" her, rather than inside of her vagina. Hemming's attorney repeated these themes in his closing argument and said nothing about the gross sexual imposition charge. A jury ultimately acquitted Hemming of the two rape charges, but found him guilty of gross sexual imposition. As noted above, the trial court imposed a five-year prison sentence.
 {¶ 5} From his conviction and sentence, Hemming appeals.
 II {¶ 6} Hemming's first assignment of error is as follows:
 {¶ 7} "defendant-appellant Was Denied His Constitutional Right To Effective Assistance Of Counsel When His Trial Attorney Failed To Address Or Present Argument On One Of The Charges Against Defendant-appellant During Cross-examinations And Closing Arguments."
 {¶ 8} We evaluate ineffective assistance of counsel arguments in light of the two-prong analysis set forth in Strickland v. Washington
(1984), 466 U.S. 668. To prevail on a claim of ineffective assistance of counsel, a defendant must show both deficient performance and resulting prejudice. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus. To demonstrate deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness. Id., at 142. Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. Id. Even when counsel's performance is deficient, a defendant must still show that the error likely had an effect on the judgment. Id. Reversal is warranted only where a defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Id.
 {¶ 9} In the present case, Hemming argues that defense counsel provided deficient representation by failing to challenge A.R. and the State's DNA expert with respect to the evidence supporting the gross sexual imposition charge. In particular, he contends that his attorney should have cross-examined A.R. about her allegation that he had kissed her breasts and also should have challenged the findings of the DNA expert. In addition, Hemming asserts that his attorney should have addressed the gross sexual imposition charge in closing arguments. With regard to the prejudice prong of Strickland, Hemming notes that he was acquitted of the two rape charges. He reasons that he likely would have been acquitted of the gross sexual imposition charge as well if only his attorney "had applied the same effort" to it.
 {¶ 10} Upon review, we find no merit in Hemming's first assignment of error. Defense counsel reasonably may have made a tactical decision to focus on the two rape charges. Those charges were more serious offenses, and the evidence supporting them was considerably weaker. Notably absent from Hemming's appellate brief is any explanation of how defense counsel should, or could, have refuted the State's DNA evidence. Defense counsel reasonably may have believed that a futile effort to controvert the DNA evidence would appear dishonest to the jury. In light of the DNA evidence, which strongly corroborated the gross sexual imposition charge, defense counsel also may have feared alienating the jury if he cross-examined A.R. about her allegation that Hemming had kissed her breasts. Trying, and failing, to impeach A.R.'s accusation on the gross sexual imposition charge, would likely have made it more difficult for defense counsel to undermine the jury's willingness to credit A.R.'s accusations on the two rape charges.
 {¶ 11} In our view, defense counsel's failure to challenge the DNA evidence or to cross-examine A.R. about the gross sexual imposition allegation was within the range of reasonable trial strategy. For the same reasons, defense counsel's decision to focus on the two rape charges in closing arguments was a reasonable trial tactic. Accordingly, we find no deficient representation on the part of Hemming's trial attorney, and we overrule the first assignment of error.
 III {¶ 12} Hemming's second assignment of error is as follows:
 {¶ 13} "The Trial Court Abused Its Discretion When It Sentenced defendant-appellant To The Maximum Sentence."
 {¶ 14} Hemming contends the trial court erred in imposing a statutory maximum five-year prison sentence. His only argument in support is that the trial court improperly considered the two rape charges, of which he was acquitted, when selecting a sentence for the gross sexual imposition conviction. According to Hemming, this alleged error is demonstrated by the trial court's finding that the shortest prison sentence would demean the seriousness of the "offenses" and would not adequately protect the public.
 {¶ 15} Upon review, we find Hemming's argument to be unsupported by the record. When imposing his sentence, the trial court stated that "to impose the shortest sentence demeans the seriousness of the offense
and does not adequately protect the public." (Emphasis added.) In connection with the sentencing, neither the transcript nor any journal entry contains a reference by the trial court to "offenses," as opposed to the "offense," and Hemming provides no citation to one. In fact, the trial court expressly referred to "the offense" (i.e., the gross sexual imposition offense) several times when sentencing Hemming. Because his argument finds no support in the record, we overrule Hemming's second assignment of error.
 IV {¶ 16} Both of Hemming's assignments of error having been overruled, the judgment of the trial court is affirmed.
GRADY, J., and YOUNG, J., concur.
[1] Expert testimony established that the odds of the DNA matching someone other than Hemming ranged from one in 209 trillion to one in 5,325 trillion, depending on variables such as the race and geographic location of the other individual. This testimony assumes, of course, that the tested samples were what they purported to be, that they were not contaminated, that the testing was performed properly, and that the test results were accurately reported. The probability of an error in these assumptions may exceed the probability noted above by several orders of magnitude.